STATE OF NORTH CAROLINA v. JAMES ROBERT COLE AND RONZEL SPENCER

No. 7320SC711

(Filed 12 December 1973)

**Criminal Law §§ 86, 89; Rape § 4— reputation of rape victim**
　　The trial court in a rape case erred in striking defense testimony by a deputy sheriff that, based on his investigation of the case, he was of the opinion that the alleged victim's reputation in the community "wasn't any good," since evidence of the victim's reputation was competent for the purpose of impeaching the victim's testimony and as bearing upon the question of consent.

APPEAL by defendants from *McConnell, Judge*, 23 April 1973 Session of Superior Court held in MOORE County.

The two appealing defendants, along with one Lester Spencer, were jointly indicted for the felony of rape. The jury found

defendant Cole guilty of assault on a female and judgment imposing an active sentence of six months was entered. The jury found Ronzel Spencer guilty of an assault with intent to commit rape and judgment imposing an active sentence of five to eight years was imposed. The jury also found the third defendant, Lester Spencer, guilty of assault on a female. Judgment was entered suspending a two year sentence and placing him on probation. Lester Spencer did not appeal.

*Attorney General Morgan, by Assistant Attorney General Rich, for the State.*

*Seawell, Pollock, Fullenwider, Van Camp and Robbins, by James R. Van Camp, for the defendants.*

BROCK, Chief Judge.

After the alleged victim, Fayette Spinks, testified and the State rested its case, each of the three defendants testified. Their testimony tended to show that Ronzel Spencer had sexual intercourse with Fayette Spinks with her consent after he had given her $20.00, which he later retrieved. That Fayette Spinks became angry when Ronzel Spencer took back the $20.00 and she told him she was going to indict them for rape. Defendants' testimony tended to show that Lester Spencer and James Robert Cole did not assault or otherwise molest Fayette Spinks.

Defendants offered the testimony of William F. Nicely, a deputy sheriff of Moore County. Deputy Nicely testified that he had investigated the case and in doing so had talked with people in the community in which Fayette Spinks lived. He stated that based upon his investigation, he had an opinion as to the general reputation of Fayette Spinks in the community. The Deputy answered: "It wasn't any good." Upon objection and motion by the District Attorney to strike the answer, the trial court sustained the objection and instructed the jury not to consider the answer.

Admittedly the answer was not clear, but it could have been clarified had it not been stricken. The action of the trial court effectively cut off defendants' opportunity to offer evidence of the reputation of the prosecutrix. This we hold to be error.

One of the most common methods of impeaching a witness is by showing that the witness' character is bad. Stansbury,

North Carolina Evidence, Brandis Revision, § 43. The most generally permissible method of proving character is by evidence of the witness' reputation. A stranger who has investigated a person's reputation in the appropriate community may testify to the result of his investigation. Stansbury, supra, § 110.

The purpose of impeachment is to discount the credibility of the witness, and an accused has a right to impeach the State's witness by competent evidence of bad reputation of the witness. In addition to the right to attack the credibility of the State's witness, the character of the alleged victim in a rape prosecution may be shown by evidence of her reputation as bearing upon the question of consent. *See* Stansbury, supra, § 105.

The remaining assignments of error are not discussed because the questions probably will not arise on a new trial.

New trial.

Judges PARKER and BALEY concur.